

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roy Loventhal, Chairman
Livestock Sanitary Commission of Texas
Lufkin, Texas

Dear Sir:

Opinion No. O-3628
Re: Does the Tick Eradication
Law permit the Chairman
of the Livestock Sanitary
Commission to act without
the consent of the other two
members of the Board.

Your request to this department for an opinion has
been received and considered. We quote from the request:

"I will appreciate it very much if you
will render to me at my address, Lufkin, Texas,
your opinion on Sections 1, 10, 11, and 35 of
House Bill No. 77, Acts of 41st Legislature,
First Called Session, passed as Chapter No. 53,
1929.

"The question I am most interested in is
whether or not the wording of the present Tick
Eradication Law permits the Chairman of the
Livestock Sanitary Commission of Texas to act
without the consent of the other two members of
the Board in matters of importance to the de-
partment."

The so-called "Tick Eradication Law" was passed by
the Acts of the 41st Legislature, First Called Session, 1929,
as House Bill No. 77, Chapter 53, page 128. Said Act is car-
ried as Article 1525-e of Vernon's Penal Code of Texas. Said
Act consists of forty separate sections.

We have carefully examined the caption of said House
Bill No. 77, which we do not quote here because of its length,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to determine the proper legal scope of said Act. Said caption
of said Act does not in our opinion authorize and support,
within its proper and legal scope, the purported powers, at-
tempted to be given by the specific sections of the Act re-
ferred to in your request, to the Chairman of the Livestock
Sanitary Commission, acting individually, without the consent
and concurrence of a majority of said Commission.

In 39 Texas Jurisprudence, pages 84 and 85, this
pertinent rule is given:

"A provision or section of a statute is
void if its purpose or substance is not express-
ed in the caption of the Act, but this does not
invalidate other provisions of sections unless
the latter are so connected with or dependent
upon the former in subject matter, purpose or
meaning that they cannot stand alone."

We believe, that the above rule is applicable to the proposi-
tion presented in your request since the purpose or intention
to confer concurrent and equal powers upon the Chairman of the
Commission is nowhere expressed nor implied in the terms of the
caption of the Act. Therefore, we believe that the provisions
of Sections 1, 10, 11 and 33 of said H. B. 77, which attempt
to confer equal and concurrent powers of the Livestock Sani-
tary Commission upon the Chairman, acting individually and
without the consent or approval of the majority of the Live-
stock Sanitary Commission, are void and of no force and effect.
We believe, however, that under the rule above stated, and for
the additional reason that Section 39 of said Act provides
that if any section of the Act shall be declared unconstitu-
tional the remainder thereof shall not be affected thereby,
that the remainder of the Act is not, for that reason, invali-
dated.

We do believe the Act gives the Chairman of the
Livestock Sanitary Commission the general and ordinary powers
of a Chairman of an administrative board. We think this power
includes the power to call meetings of the Livestock Sanitary
Commission, preside over the same and to vote as a member of
the Commission. Any other powers could only be lawfully exer-
cised by the Chairman, upon authority from a majority of the

Honorable Roy Lowenthal, page 3

Commission as conferred and approved by a resolution or an order duly passed and approved by a majority of the Commission.

We trust that in this manner we have fully answered your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*

Harold McCracken
Assistant

APPROVED JUN 20, 1941

*[signature]*

ATTORNEY GENERAL

HM:db



APPROVED
OPINION
COMMITTEE
BY *[signature]*
CHAIRMAN